**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GREGORY S. HARRIS,        :
                           :    Civil Action No. 10-0791 (RBK)
          Plaintiff,   :
                           :
          v.            :    **OPINION**
                           :
ANN MILGRAM, et al.,     :
                           :
          Defendants.  :

**APPEARANCES:**

Plaintiff pro se
Gregory S. Harris
630 Adriatic Ave.
Atlantic City, NJ 08401

Counsel for Defendants
   Karen Balicki, and
     Joyce Princiann
Christopher C. Josephson
Deputy Attorney General
R.J. Hughes Justice Complex
Trenton, NJ  08625

**KUGLER,** District Judge

    This matter was opened to the Court by Plaintiff Gregory S.
Harris filing a Complaint alleging that he had been confined
beyond the end of his term of imprisonment.  By Opinion and Order
[33, 34] entered August 2, 2011, this Court granted summary
judgment with respect to certain claims.

    Now pending before this Court is the Motion [36] for summary
judgment, by Defendants Karen Balicki[1] (Administrator of South

---

    [1] Plaintiff incorrectly spells Ms. Balicki's name
"Billacki."  Throughout this Opinion and the accompanying Order,
the Court will refer to Defendant Balicki by the correct spelling
of her name.

Woods State Prison) and Joyce Princianni (Classification
Supervisor at South Woods State Prison), on Plaintiff's
Fourteenth Amendment procedural due process claims against them.
Plaintiff has filed no opposition to the Motion.  This matter is
now ready for decision.

I.   BACKGROUND

This Court has previously summarized Plaintiff's relevant
criminal history in Pennsylvania and New Jersey.

> On November 20, 1981, Plaintiff was sentenced to 12 1/2
> to 25 years of incarceration as a result of his
> conviction for armed robbery, conspiracy, assault, and
> a weapons violation in Pennsylvania ("The Pennsylvania
> Sentence").  On August 13, 1982, Plaintiff was
> sentenced to a fifteen-year term of incarceration for
> aggravated manslaughter in New Jersey ("the New Jersey
> Sentence").  The New Jersey Sentence ran concurrent
> with the Pennsylvania Sentence.  After Plaintiff served
> five years of the Pennsylvania Sentence, Plaintiff was
> paroled, and transferred to the New Jersey Department
> of Corrections.

> On September 13, 1988, Plaintiff was paroled on
> his New Jersey sentence.  On February 8, 1989, the [New
> Jersey] Parole Board issued Plaintiff a parole
> violation warrant because he failed to report to his
> parole officer.  On April 11, 1989, Plaintiff was
> arrested again in Pennsylvania, and subsequently
> entered a guilty plea to charges of criminal conspiracy
> and robbery.  As a result of those charges, Plaintiff
> was sentenced to a three-to-ten year term of
> incarceration that ran concurrently with his
> [Pennsylvania] parole violation term ("the Second
> Pennsylvania Sentence"). [fn1]  One month later, on May
> 23, 1989, Plaintiff was indicted in Atlantic County,
> New Jersey for Robbery, unlawful possession of a
> weapon, possession of a weapon for unlawful purposes,
> aggravated assault, and conspiracy ("the Atlantic
> County Indictment").

2

[fn1] Plaintiff's Pennsylvania parole violation term expired on July 25, 1995.  On that date, Plaintiff began serving the three to ten year term, which expired on April 11, 2004.

The Second Pennsylvania Sentence expired on April 11, 2004.  On July 22, 2004, Plaintiff was taken into custody in New Jersey pending trial for the Atlantic County Indictment.  Harris v. Atl. Cnty. Pros. Office, No. 04-5507, 2006 WL 572824, at *1 (D.N.J. Mar. 07, 2006).  Plaintiff was extradited to New Jersey on the indictment detainer, not the parole violation warrant, which was lost.  Id.  The New Jersey Parole Board issued a replacement warrant on August 17, 2004.  Id.

On October 5, 2004, the New Jersey Parole Board scheduled a parole hearing for October 8, 2004.  (Id.).  However, that hearing was postponed until March 17, [2007], because Plaintiff requested counsel, Plaintiff's counsel withdrew due to a conflict, new counsel was appointed, and because Plaintiff repeatedly requested to postpone the hearing until the Atlantic County Indictment was adjudicated.  (Id.).  On March 10, 2006, the Atlantic County Indictment was dismissed after a state court judge determined that Plaintiff was not competent to stand trial.

A year later, on March 21, 2007, Plaintiff had a final revocation hearing before a New Jersey Parole Board hearing officer, who sustained the revocation based upon Plaintiff's Pennsylvania conviction on the 1989 charges.  One week later, a Parole Board Panel upheld the hearing officer's decision, revoked Plaintiff's parole and ordered Plaintiff to serve a forty-eight month future eligibility term.  Plaintiff administratively appealed the decision of the Parole Board Panel.  The full Parole Board affirmed the March 28, 2007 decision to revoke Plaintiff's parole.  During that appeal, Plaintiff argued that the Parole Board improperly failed to award him commutation and work credits for the time he was incarcerated in Pennsylvania between August 1982 and January 1987.  In response to that contention, the full Parole Board determined that whether Plaintiff was entitled to an award of commutation and word credits "is ... a matter for the Department of Corrections[,] not the State Parole Board."  (Id.).  The Parole Board then advised

Plaintiff to contact the Department of Corrections to resolve the matter.

Plaintiff was incarcerated in South Woods State Prison ("SWSP") between 2007 and 2008. During that period, he prepared five Administrative Remedy Forms ("Remedy Forms"), asserting that he should receive work and commutation credits for the time he spent incarcerated in Pennsylvania between August 13, 1982 and January 15, 1987. [fn2]  An SWSP official named "C. Roberts" generated the following response to the Remedy Form Plaintiff submitted on May 21, 2001:

[W]ork credits applied as follows:
7-22-04 to 10-6-05  88.4
10-7-05 to 12-20-05 10.6
12-21-05 to 5-5-06  27.2
5-6-06 to 12-28-06  33.8
12-29-06 to 4-11-07 20.8

In response to the Remedy Form Plaintiff submitted on July 5, 2007, an SWSP official named "B. Steward" stated: "credits while serving an out of state sentence does not apply to your New Jersey sentence."  (Id.). Balicki signed the responses to the Remedy Forms Plaintiff submitted on May 21, 2007 and July 5, 2007.

[fn2] Plaintiff submitted Remedy Forms on May 21, 2007, June 16, 207, July 5, 2007, January 25, 2008, and February 19, 2008.

Plaintiff's New Jersey sentence expired on March 10, 2008 and he was released from custody.

(Opinion, Docket Entry No. 33, at 1-4 (record citations

omitted).)[2]

On February 18, 2011, after the completion of discovery,

Defendants Douglas D. Chiesa, Balicki, and Princianni moved for

---

[2] This Motion for Summary Judgment is supported by the same Declaration of Douglas D. Chiesa as was the previous Motion for Summary Judgment.  Accordingly, the record citations would be identical.

4

summary judgment with respect to Plaintiff's Eighth Amendment claim.  On August 2, 2011, this Court entered an order granting summary judgment to Defendant Chiesa on all of Plaintiff's claims and granting summary judgment to Defendants Balicki and Princianni on Plaintiff's Eighth Amendment claim.  However, this Court noted that Defendants Balicki and Princianna had not moved with respect to Plaintiff's Fourteenth Amendment procedural due process claim.  Defendants Balicki and Princianna have now moved for summary judgment on the Fourteenth Amendment procedural due process claim.

## II.  <u>SUMMARY JUDGMENT</u>

Summary judgment is appropriate where the court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); <u>see</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party.  <u>Anderson v. Liberty Lobby, Inc.,</u> 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  When the court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  <u>Id.</u> at 255.

5

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir.1996).  The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  Celotex, 477 U.S. at 325.

Once the moving party satisfies this initial burden, the nonmoving party must "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e).  To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Furthermore, "[w]hen opposing summary judgment, the nonmoving party may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" Corliss v. Varner, 247 Fed. App'x 353, 354 (3d Cir.2007) (quoting

6

<u>Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.</u>, 311 F.3d 226, 233 (3d Cir.2002)).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. <u>Anderson</u>, 477 U.S. at 249. Credibility determinations are the province of the fact-finder, not the district court. <u>BMW, Inc. v. BMW of N. Am., Inc.</u>, 974 F.2d 1358, 1363 (3d Cir.1992).

### III. <u>DISCUSSION</u>

The Court of Appeals for the Third Circuit has held that detention beyond one's term may give rise to a claim for deprivation of liberty without due process under the Fourteenth Amendment if "a policymaking official establishes a constitutionally inadequate state procedure for depriving people of a protected interest and someone is thereafter deprived of such an interest." <u>Sample v. Diecks</u>, 885 F.2d 1099, 1114 (3d Cir. 1989).

Applying the balancing test of <u>Mathews v. Eldridge</u>, 424 U.S. 319, 335 (1976) to determine what process is due a prisoner facing detention beyond his term, the Court held, "procedural due process requires that an inmate with a challenge to the calculation of his release date promptly be listened to by someone having authority to decide the challenge or pass it on

7

for further review and decision." <u>Sample</u>, 885 F.2d at 1115.  <u>See</u>
<u>also</u> <u>Haygood v. Younger</u>, 769 F.2d at 1356 ("due process in this
case required the state to provide [the prisoner] with a
meaningful hearing at a meaningful time").

In New Jersey, the calculation of an inmate's maximum
sentence is the responsibility of the Department of Corrections.
The Department of Corrections "is entrusted with the legal
authority, among other things, 'to provide for the custody, care,
discipline, training and treatment of adult offenders committed
to State correctional institutions or on parole[.]"  <u>Ries v.</u>
<u>Dep't of Corrections</u>, 933 A.2d 638, 604 (N.J. Super. Ct. App.
Div. 2007) (quoting N.J.S.A. 30:1B-3).  "That responsibility
necessarily includes award and calculation of commutation
credits, work credits and the date on which an inmate must be
discharged because the inmate's sentence has been fully served."
<u>Fedd v. New Jersey Dep't of Corrections</u>, 2008 WL 2875380, at *2
(N.J. Super. Ct. App. Div. 2008) (citing N.J.S.A. 30:4-140, 30:4-
92).

Here, the undisputed evidence is that there was a procedure
in place to review Plaintiff's Administrative Remedy Forms, which
resulted in responses detailing the credits which were awarded to
Plaintiff.  That response was subject to review, and here was
reviewed, by the Administrator of South Woods State Prison.
Neither in the administrative remedy process, nor here, has

Plaintiff presented any evidence of error in the award of commutation or work credits or in the calculation of his release date.  Moreover, Plaintiff has failed to present any evidence suggesting that the administrative procedure in place to respond to his challenge to the calculation of his sentence was not adequate.

Plaintiff has failed to submit any documentation to substantiate his claim that he actually performed work in a Pennsylvania prison during the relevant time period.  Because Plaintiff failed to submit any evidence in support of this claim, there is no material issue of fact for trial on the issue of a denial of due process with respect to his claim for work credits.

In addition, Plaintiff has failed to create a material issue of fact concerning commutation credits.  The Remedy Form Plaintiff submitted on June 16, 2007, claimed that the Department of Corrections "took" 348 days of his commutation credits.  However, the response to that Remedy Form, generated by "B. Steward," reflects that Plaintiff received 1,632 commutation credits towards his New Jersey Sentence.  Plaintiff fails to offer any evidence in support of his claim that he is entitled to more than 1,632 commutation credits.[3]  Accordingly, with respect

---

[3] Pursuant to N.J.S.A. 30:4-140, Plaintiff was awarded 1,632 commutation credits when he started serving his 15-year New Jersey sentence in 1982.  Plaintiff may have been confused by a parole eligibility calculation performed on June 11, 2007, which indicated that he was <u>awarded</u>, separately, 348 commutation

to both of these claims, Plaintiff has failed to satisfy his burden to respond to the Motion for summary judgment.

Finally, Plaintiff has failed to show that Defendant Princianna had any personal involvement in decisions regarding the calculation of his sentence.  "A defendant in a civil rights action must have personal involvement in the alleged wrongs  ... .  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).  As Plaintiff has failed to present any evidence suggesting that Defendant Princianna was involved in the calculation of his sentence or even in the promulgation of policies regarding the calculation of prisoners' sentences, generally, he has failed to demonstrate any liability on her part.[4]

---

credits on the four-year future eligibility term imposed by the Parole Board on March 28, 2007, which reduced his FET from April 12, 2008 to April 30, 2007.  (Exhibits to Complaint.)

[4] In the Amended Complaint, Plaintiff mentions in passing that Defendants Balicki and Princianni are liable because they are supervisors.  It is well settled that Section 1983 does not create a cause of action against government supervisors solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Accordingly, this Court will grant the Defendants' Motion for summary judgment.  In light of Plaintiff's failure to establish that there is a material dispute of fact regarding the accuracy of his sentence calculation or the procedure by which it was calculated, this Court need not address the Defendants' assertion of qualified immunity.

IV.  <u>CONCLUSION</u>

For the reasons set forth above, the Motion [36] for summary judgment will be granted.  As this was the only claim remaining in this litigation,[5] the Clerk will be directed to close the Court's file in this matter.  An appropriate order follows.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: March 7, 2012

---

[5] The only defendants served in this matter were Defendants Chiesa, Balicki, and Princianni.  Peter J. Barnes, Jr., was named as a Defendant in the Amended Complaint, but was never served. The other individuals named as defendants in the original Complaint were not named as defendants in the Amended Complaint.

11